## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**AARON STEEL**                                                **CIVIL ACTION**

**VERSUS**                                                     **NO.  08-3801**

**STATE OF LOUISIANA**                                         **SECTION "B"(2)**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, it is recommended that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.  28 U.S.C. § 2254(e)(2)(B).

I.    STATE COURT PROCEDURAL BACKGROUND

The petitioner, Aaron Steel, is incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.[2]   On February 10, 2004, Steel was charged by bill of information in Jefferson Parish with theft of goods valued over $500 from Dillard's Department Store.[3]  Steel entered a plea of guilty to that charge on February 3, 2005.[4] After he waived sentencing delays, Steel was sentenced by the state trial court to serve two years in prison, with a recommendation that he be sent to the About Face Program.[5]

At the same hearing, the State filed a multiple bill to which Steel also entered a plea of guilty.[6]  The state trial court vacated the prior sentence and resentenced Steel to serve 5 years in prison as a second offender without benefit of probation or suspension of sentence and with a recommendation that he be sent to the About Face Program.[7]

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 2, Bill of Information, 2/10/04.

[4]St. Rec. Vol. 1 of 2, Waiver of Constitutional Rights Plea of Guilty, 2/3/05; Transcript, 2/3/05; St. Rec. Vol. 2 of 2, Guilty Plea Minutes, 2/3/05.

[5]St. Rec. Vol. 1 of 2, Transcript, p.10, 2/3/05; St. Rec. Vol. 2 of 2, Guilty Plea Minutes, 2/3/05.

[6]St. Rec. Vol. 1 of 2, Multiple Bill, 2/3/05; Waiver of Rights Pleas of Guilty Multiple Offender, 2/3/05; Multiple Bill Hearing Minutes, 2/3/05; St. Rec. Vol. 2 of 2, Transcript, p. 11, 2/3/05.

[7]St. Rec. Vol. 1 of 2, Multiple Bill Hearing Minutes, 2/3/05; St. Rec. Vol. 2 of 2, Transcript, p. 13, 2/3/05.

Steel's conviction became final five days later, on February 10, 2005, because he did not file a notice of appeal or seek reconsideration of his sentence.[8]  See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period less than seven days).

On July 26, 2005, Steel submitted an application for post-conviction relief, which was filed in the state trial court on July 28, 2005.[9]  He also simultaneously filed an amended application.[10]  Steel raised four grounds for relief: (1) The guilty plea was induced in that he was told that, if he entered a guilty plea, the theft charge would be reduced to theft of things valued under $500 and he would be placed in the About Face

---

[8]Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985).  At the time of Steel's conviction, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.  This amendment was effective August 15, 2003; "All laws enacted during a regular session of the legislature shall take effect on August fifteenth of the calendar year in which the regular session is held and all laws enacted during an extraordinary session of the legislature shall take effect on the sixtieth day after final adjournment of the extraordinary session in which they were enacted.  All laws shall be published prior thereto in the official journal of the state as provided by law.  However, any bill may specify an earlier or later effective date." Const. Art. 3, § 19 Section 19.  Because this statutory amendment became effective after Steel's sentencing, it is inapplicable to this case.  The State's suggestion that Steel had 30 days to file his notice of appeal is legally incorrect.

[9]St. Rec. Vol. 1 of 2, Application for Post-Conviction Relief, 7/28/05 (signed 7/26/05).

[10]St. Rec. Vol. 1 of 2, Amended Application for Post-Conviction Relief, 7/28/05.

Program. (2) The five-year prison sentence he received was more than the statutory maximum of two years for the offense charged. (3) He received ineffective assistance of counsel in that counsel failed to recognize that an illegal sentence was imposed. (4) His plea became constitutionally invalid and was rendered unknowingly made when the State filed the multiple bill.

The state trial court denied the applications on August 9, 2005. The court found that the first and fourth claims challenging the sentence execution were not properly raised in that court but should have been raised instead in the 19th Judicial District Court for East Baton Rouge Parish, pursuant to La. Rev. Stat. Ann. § 15:571.15.[11] The court also determined that Steel's second claim, excessive sentence, was procedurally improper pursuant to La. Code Crim. P. art. 930.3 and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).[12] Finally, the court resolved that Steel's fourth claim alleging ineffective assistance of counsel was without merit.

Almost six weeks later, on September 21, 2005, Steel filed an untimely[13] writ application in the Louisiana Fifth Circuit Court of Appeal seeking review of the same

---

[11]St. Rec. Vol. 1 of 2, Trial Court Order, 8/9/05.

[12]In Melinie, the Louisiana Supreme Court, relying on La. Code Crim. P. Art. 930.3, ruled that claims of errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief.

[13]Petitioner had 30 days from issuance of the trial court's order to file for review in the Louisiana Fifth Circuit. La. App. Rule 4-3; La. Code Crim. P. art. 922.

4

four claims for relief.[14]  The court denied the application on November 14, 2005, finding

no error in the trial court's ruling.[15]

More than 40 days later, Steel submitted an untimely[16] writ application to the

Louisiana Supreme Court, which was filed in that court on  April 4, 2006.[17]  The court

denied relief without reasons on November 17, 2006.[18]

In the meantime, on November 15, 2006, Steel filed a motion in the state trial

court seeking to compel the State to place him in the About Face Program.[19]   On

February 5, 2007, the state trial court denied the motion for seeking relief repetitive of

that sought in the prior application for post-conviction relief.[20]

The Louisiana Fifth Circuit denied Steel's subsequent, untimely writ application,

finding no error in the state trial court's ruling.[21]  The Louisiana Supreme Court also

---

[14]St. Rec. Vol. 2 of 2, 5th Cir. Writ Application, 05-KH-908, 11/9/05 (postmarked 11/2/05, signed 9/21/05).

[15]St. Rec. Vol. 2 of 2, 5th Cir. Order, 05-KH-908, 11/14/05.

[16]Petitioner had 30 days from issuance of the appellate court's order to mail or file a writ application in the Louisiana Supreme Court.  La. S. Ct. Rule X§5; La. Code Crim. P. art.922.

[17]St. Rec. Vol. 1 of 2, La. S. Ct. Letter, 2006-KH-79, 4/4/06 (postmarked 1/4/06); St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 06-KH-0729, 4/4/06 (postmarked 1/4/06, signed 1/3/06).

[18]State ex rel. Steel v. State, 942 So.2d 527 (La. 2006); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2006-KH-0729, 11/17/06.

[19]St. Rec. Vol. 2 of 2, Motion to Enforce Sentencing Order, 11/15/06.

[20]St. Rec. Vol. 1 of 2, Trial Court Order, 2/5/07.

[21]St. Rec. Vol. 2 of 2, 5th Cir. Writ Application, 07-KH-282, 4/25/07 (postmarked 4/19/07, signed 4/17/07); 5th Cir. Order, 07-KH-282, 4/26/07.

denied relief, finding the application repetitive pursuant to La. Code Crim. P. art. 930.4(D).[22]

## II.    FEDERAL HABEAS PETITION

On June 23, 2008, Steel filed a petition for federal habeas corpus relief in this court alleging that his guilty plea was induced because he was told that he would be placed in the About Face Program.[23]  The State filed a response in opposition to the petition, arguing that the petition should be dismissed as untimely under federal law.[24]

## III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[25] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore

---

[22]State ex rel. Steel v. State, 977 So.2d 904 (La. 2008); St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 07-KH-1163, 6/4/07 (postmarked 5/22/07); La. S. Ct. Order, 2007-KH-1163, 3/7/08. La. Code Crim. P. art. 930.4(D) allows dismissal of a successive post-conviction application that raises repetitive claims which are not new or different.

[23]Rec. Doc. No. 1.

[24]Rec. Doc. No. 9.

[25]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

applies to Steel's petition, which, for reasons discussed below, is deemed filed in this

federal court on April 15, 2008.[26]

The threshold questions in habeas review under the amended statute are whether

the petition is timely and whether the claims raised by the petitioner were adjudicated on

the merits in state court; i.e., the petitioner must have exhausted state court remedies and

must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20

(5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  In this case, the State indicates that

Steel has exhausted state court remedies.  However, the State also asserted the defense

that the petition is not timely filed.

A review of the record reflects that the sole claim raised in this petition is also in

procedural default, which would bar federal habeas corpus review.[27]  Nevertheless, since

the State has relied upon the limitations defense, this court will first address that defense.

---

[26]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Steel's petition was filed by the clerk of court on June 23, 2008, when the filing fee was paid.  Steel dated his signature on the petition on April 15, 2008.  Affording Steel every benefit, this is the earliest date on which he could have delivered the pleadings to prison officials for mailing.  The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition.  See Cousin, 310 F.3d at 843 (mailbox rule  applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

[27]The state trial court found that the claim was not properly raised before it and instead should have been presented to the 19th Judicial District Court pursuant to La. Rev. Stat. Ann. §571.15. St. Rec. Vol. 1 of 2, Trial Court Order, 8/9/05.  This was the last reasoned decision on the issue.  See Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991).

IV.    STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[28] Duncan v. Walker, 533 U.S. 167, 179-80 (2001).  Steel's conviction is deemed final on September 10, 2003, when he did not appeal or seek reconsideration of his sentence.

Therefore, under a literal application of the statute, Steel had until September 10, 2004, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

---

[28]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Steel has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and

denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged

failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at

808 n.2 (assuming without deciding that equitable tolling was warranted when federal

district court three times extended petitioner's deadline to file habeas corpus petition

beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the

one-year limitations period, in stating that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain

language, this provision does not create a new, full, one-year term within which a federal

habeas petition may be filed at the conclusion of state court post-conviction proceedings.

Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision

as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held

that because this statute is a tolling provision, the time during which state court post-

conviction proceedings are pending must merely be subtracted from the one-year

limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed
> state habeas application is pending must be excluded when calculating the
> one[-]year period. Under the plain language of the statute, any time that

passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

11

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. <u>Dillworth v. Johnson</u>, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); <u>Nara v. Frank</u>, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

The one-year AEDPA limitations period began to run in Steel's case on February 11, 2005, the day after his conviction became final.  The limitations period ran uninterrupted for 165 days, until July 26, 2005, when Steel signed[29] his application for post-conviction relief.  The application remained pending until September 8, 2005, which was 30 days after the state trial court denied relief and no further timely review was available.

---

[29]For present purposes, the court will presume that the signature date is the earliest date on which Steel could have submitted the pleading to prison officials for mailing to the state trial court.

The AEDPA statute of limitations ran for an additional 12 days, from September 9, 2005, to September 21, 2005, when Steel signed a writ application to the Louisiana Fifth Circuit.  The writ application tolled the AEDPA period until December 15, 2005, which was 30 days after the court ruled.  The AEDPA limitations period began to run again on December 16, 2005, and did so for 188 days, until June 21, 2006, when it expired.  Steel had no properly filed state post-conviction or other collateral review proceedings pending during that period.

As discussed above, Steel submitted a writ application to the Louisiana Supreme Court during that time period, which was signed by him on January 3, 2006.  That filing, however, was untimely under La. S. Ct. R. X§5(a) because it was signed, postmarked, and filed more than 30 days after the Louisiana Fifth Circuit ruled on Steel's writ application.  See Butler v. Cain, 533 F.3d 314, 317 (5th Cir. Jun. 25, 2008).  Under federal habeas corpus law, this untimely filing cannot be considered in the tolling calculation.  (La. S. Ct. R. X§5(a) forbids any extension of time); Williams v. Cain, 217 F.3d at 309-11 (same); McGee v. Cain, 104 Fed. Appx. 989, 991 (5th Cir. 2004) (same).

I also note that the tolling calculation is not affected by Steel's efforts to obtain a copy of his plea transcript before filing his application for post-conviction relief in 2005. Steel's claims in the application for post-conviction relief addressed the voluntariness of his guilty plea and the appropriateness of his sentence.  These claims were not dependant upon the transcript, nor was the transcript necessary to support the claims.  See Brown

13

v. Cain, 239 F.3d 365 (5th Cir. Nov. 7, 2000) (Table, Text in Westlaw) (no abuse of discretion in rejecting equitable tolling for delayed receipt of transcript where transcript was not relevant to the claim raised); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript which was not required to file the application does not warrant equitable tolling). Steel was present at each phase of the plea process and concedes that he knew the sentence imposed upon him and that it was not being imposed as he expected. Steel has not demonstrated that the plea transcript was necessary for him to pursue his post-conviction claims. Thus, he has shown no basis for either statutory or equitable tolling, while he pursued the transcript. Furthermore, the 79 days[30] he waited for the transcript would not alter the fact that his petition is untimely. Over the course of his post-conviction pursuits, not counting those 79 days, Steel allowed a total of 474 days[31] to pass without a properly filed state application for post-conviction or other collateral review before filing his federal habeas petition.

The record establishes that, after his conviction became final, Steel allowed more than one year to lapse without any properly pending state proceeding and without having

---

[30]Steel filed his motion for the transcript on April 27, 2005, and he conceded to the state courts that he received the transcript on July 15, 2005.

[31]This 474 days is comprised of the periods between February 10, 2005 and April 27, 2005; July 15, 2005 and July 26, 2005; September 8, 2005 and September 21, 2005; December 15, 2005 and November 15, 2006; and March 7, 2007 and April 17, 2007.

filed a timely federal petition for habeas corpus relief.  Thus, his petition must be dismissed as time-barred.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Aaron Steel for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____24th____ day of November, 2008.


        JOSEPH C. WILKINSON, JR.
      UNITED STATES MAGISTRATE JUDGE